WWR# 041965061

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Martha J Credille<br>　　　　　　　　　Debtor<br><br>Sun East Federal Credit Union<br>　　　　　　　　　Movant | CASE NO. 25-11078-djb<br>CHAPTER 13<br><br>**Hearing Date: 11/20/2025**<br>**Hearing Time: 11:00 A.M.** |

**MOTION BY SUN EAST FEDERAL CREDIT UNION FOR RELIEF FROM AUTOMATIC STAY AND RELIEF FROM CO-DEBTOR STAY**

The Motion of Movant, by its attorney, Milos Gvozdenovic, Esquire, respectfully represents:

1. On 03/20/2025, the Debtor filed a voluntary petition commencing a case under Chapter 13, Title 11, United States Code, and for the entry of an Order for Relief.

2. Movant holds a valid security interest in the form of a Home Equity Line of Credit and Mortgage ("Mortgage") on a certain residence owned and/or occupied by the Debtor known as 2107 Euclid Avenue, Upper Chichester, PA 19061, and is more particularly described in said Mortgage. A copy of the Mortgage, evidencing Movant's interest and executed by the Debtor and non-filing Co-Debtor, Fred W. Credille, is attached hereto as **Exhibit A**.

3. This is an action under 11 U.S.C. Section 362(d) and 11 U.S.C. § 1301 to vacate or modify a stay granted under 11 U.S.C. Section 362(a) to permit foreclosure of the Mortgage and/or Sheriff's Sale of the subject real property.

4. Debtor's proposed Chapter 13 Plan calls for direct post-petition payments to be made to Movant. No post-petition payments have been made since the bankruptcy petition date.

5. At the time of the filing of this Motion, the Debtor has defaulted on the payments due under the Mortgage for the 04/15/2025 through 10/15/2025 payments in the amount of $3,147.41, and together with attorney's fees and court costs, the Debtor owe Movant $4,396.41 on account of such defaulted payments.

6. The Debtor's Payoff balance as of 10/23/2025 is $51,956.01.

7. Movant is entitled to relief pursuant to 11 U.S.C. 362 (d)(1) for cause, as the Debtor has breached the terms of the Plan and has defaulted on making any direct payments. As a result, Movant is not adequately protected.

8. Furthermore, if Movant is not granted relief from the co-debtor stay under 11 U.S.C. § 1301, the Movant will be irreparably harmed as the continuation of the Co-Debtor stay will prevent relief to which the Movant is entitled by virtue of the Debtor's failure to maintain payments for the Movant's collateral

WHEREFORE, Movant prays that the stay pursuant to Section 362(a) and 1301 of Title 11 United States Code be modified to allow Movant execution process through and including, but not limited to, foreclosure and/or Sheriff's Sale of the subject real property, the 14-day stay provided by Fed. Bankr. Rule 4001(a)(4) is waived, and that it have such other relief as is just.

/s/ Milos Gvozdenovic
Milos Gvozdenovic
Weltman, Weinberg & Reis Co., L.P.A.
Attorney for Movant
5990 West Creek Road, Suite 200
Independence, OH 44131
216-739-5647
mgvozdenovic@weltman.com